IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, III,<br><br>   Plaintiff,<br><br>   v.<br><br>SGT. DONALD OWYANG, et al.,<br><br>   Defendants. | No. C 13-01986 YGR (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CONTINUED INTENT TO PROSECUTE THIS ACTION AND TO PROVIDE COURT WITH CURRENT ADDRESS** |

Plaintiff filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. On October 11, 2013, Plaintiff filed a document entitled, "Notice of Release," in which he informed the Court that he was going to be "released on October 10, 2013 from state prison, upon parole supervision, after serving the entirety of his sentence." (Not. of Release at 1.) Plaintiff stated that he would provide the Court with his new address after October 10, 2013. To date, Plaintiff has not provided the Court with his new address.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may, without prejudice, dismiss a complaint or strike an answer when: (1) mail directed to the attorney or the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the attorney or *pro se* party indicating a current address. *See* L.R. 3-11(b).

In the instant case, it has been two months since Plaintiff has informed that Court that he was being released from state prison on October 10, 2013. As mentioned above, he has not filed his new address with the Court. Nor has he communicated with the Court since that date. Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish Plaintiff's current address and whether he intends to continue to prosecute this action.

In light of the foregoing, Plaintiff shall file with the Court a notice of his current address and his continued intent to prosecute no later than **twenty-eight (28) days** from the date of this Order. Failure to timely do so shall result in **dismissal of this action without prejudice** under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   December 13, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**